IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARIAN TIPP,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 1:24-00251-KD-C |
| | ) |
| **JPMC SPECIALTY MORTGAGE, LLC,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on pro se Plaintiff Marian Tipp's ("Plaintiff") "Motion to Reconsider Order" (Doc. 5). Upon consideration and for the reasons set forth herein, Plaintiff's Motion is **DENIED.**

A. Background

Previously, in Tipp v. JPMC Specialty Mortgage, LLC, et al, Civil Action No. 20-00317-TFM-N (doc. 76) (S.D. Ala. Mar. 28, 2022), judgment was entered in favor of Defendants on res judicata grounds and Tipp was enjoined as follows:

> Marian S.A. Tipp shall not file any law suits related to the 2009 foreclosure of the property at 11101 Ben Hamilton Road, Grand Bay, Alabama, and the litigation it generated, without obtaining prior leave of this Court. This limitation shall extend beyond these Defendants to any of their affiliates and apply to suits filed in either state or federal court. In order to acquire leave of Court, Tipp must file a petition demonstrating that (1) the suit to be filed is not barred by res judicata; and (2) the court has subject-matter jurisdiction. These restrictions do not apply to any further filings in this suit or an appeal from this case. This injunction does not apply to an appeal from this case.

(Id.). The decision was affirmed on appeal. Tipp v. JPMC Specialty Mortgage, LLC, et al., 2023 WL 8369968 (11th Cir. 2023).

In this action, Plaintiff filed a Petition to File Verified Declaratory Judgment Action/Quiet Title Action against Defendant JPMC Specialty Mortgage, Inc. (Doc. 3) and a Complaint to "recover possession of property" (Doc. 1). Both focused on the property at 11101 Ben Hamilton Road, Grand Bay, Alabama (Id.)

On July 30, 2024, the Court denied Plaintiff's Petition to File (Doc. 3), ruling that she failed to show that the action was not barred by res judicata. (Doc. 4). Based off this failed showing, Plaintiff did not obtain leave of court before filing the Complaint as required by the injunction, and the Clerk was directed to close this action. (Doc. 4 at 3).

Plaintiff then filed the "Motion to Reconsider Order" (Doc. 5). She argues that her "claims are not barred by res judicata" (Id.).

B.  Analysis

"A motion for reconsideration after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)." Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993). The only grounds for granting a Rule 59(e) motion are newly discovered evidence or manifest errors of law or fact. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam). The motion cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. Per Rule 60(b), the Court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) motions are committed to the sound discretion of the district court. <u>Cheney v. Anchor Glass Container Corp.</u>, 71 F.3d 848, 849 n.2 (11th Cir. 1996).

    Ultimately, even reading pro se Plaintiff's motion to reconsider liberally, she raises no grounds justifying reconsideration under either standard of its prior order denying her leave to file the instant litigation.  Accordingly, it is **ORDERED** that Plaintiff's motion (Doc. 5) is **DENIED.**

    **DONE** and **ORDERED** this 24th day of September 2024.

                                      <u>s / Kristi K. DuBose</u>
                                      **KRISTI K. DuBOSE**
                                      **UNITED STATES DISTRICT JUDGE**